**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

SHEILA D.,[1]

Plaintiff,

v.

FRANK BISIGNANO,

Defendant.

CIVIL NO. 3:25-CV-01308

(LATELLA, M.J.)

**MEMORANDUM**

This is an action brought under Section 1383(c) of the Social Security Act and 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (hereinafter, "the Commissioner") denying Plaintiff Sheila D.'s claim for a period of disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons expressed herein, and upon detailed consideration

[1] To protect the privacy interests of plaintiffs in social security cases, we have adopted the recommendation of the Judicial Conference of the United States that federal courts should refer to plaintiffs in such cases by their first name and last initial. *See Tammy H. v. Frank Bisignano*, Commissioner of Social Security, No. 1:24-cv-00838, Docket No. 19 at n.1 (M.D. Pa. Aug. 27, 2025).

of the arguments raised by the parties in their respective briefs, the Commissioner's decision will be affirmed.

## 1. Background and Procedural History

On September 7, 2022, Plaintiff Sheila D. ("Ms. D.") filed an application for Title II benefits. (Doc. 6-5 at 2-3)[2]. In her application, Ms. D. claimed disability beginning October 19, 2021. (*Id.*). The Social Security Administration initially denied Ms. D.'s claim on November 17, 2022 (doc. 6-3 at 2) and again on reconsideration on May 5, 2023 (doc. 6-3 at 14). Ms. D. filed a request for a hearing before an Administrative Law Judge ("ALJ") on June 15, 2023. (Doc. 6-4 at 17). ALJ Gerard Langan conducted the requested hearing on February 7, 2024. (Doc. 9-2 at 37).

In a written opinion dated July 11, 2024, the ALJ determined that Ms. D. is not disabled and therefore not entitled to the benefits sought. (Doc. 6-2 at 8-23). Ms. D. appealed the ALJ's decision to the Appeals

[2] For the sake of consistency, reference is made in all instances to the ECF document number and pagination.

Council, who, on May 13, 2024, denied Ms. D.'s request for review. (Doc. 6-2 at 2). On July 17, 2025, Ms. D. filed the instant action. (Doc. 1). The parties consented to have a magistrate judge preside over this matter on August 11, 2025. (Doc. 5). The Commissioner responded to the Complaint on September 10, 2025, providing the requisite transcripts from the disability proceedings. (Doc. 6). The parties then filed their respective briefs (Docs. 7, 8), with Ms. D. alleging one error warranting reversal or remand. (Doc. 7 at 8).

### 2. <u>THE ALJ'S DECISION</u>

In a decision dated July 11, 2024, the ALJ determined Ms. D. "has not been under a disability, as defined in the Social Security Act, from October 19, 2021, through the date of this decision." (Doc. 6-2 at 23). The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. *See* 20 C.F.R. § 404.1520. The ALJ determined that Ms. D. met the insured status requirements of the Social Security Act through December 31, 2026. (Doc. 6-2 at 13).

At step one, an ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in SGA, the Regulations deem them not disabled, regardless of age, education, or work experience. 20 C.F.R. § 404.1520(b). SGA is defined as work activity—requiring significant physical or mental activity—resulting in pay or profit. 20 C.F.R. § 404.1572. In making this determination, the ALJ must consider only the earnings of the claimant. 20 C.F.R. § 404.1574. The ALJ determined Ms. D. "has not engaged in [SGA] since October 19, 2021, the alleged onset date." (Doc. 6-2 at 13). Thus, the ALJ's analysis proceeded to step two.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 404.1520(a)(4)(ii). If the ALJ determines that a claimant does not have an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities, [the ALJ] will find that [the claimant] does not have a severe impairment and [is],

therefore, not disabled." 20 C.F.R. § 404.1520(c). If a claimant establishes a severe impairment or combination of impairments, the analysis continues to the third step.

The ALJ found that Ms. D. has the following severe impairments:

> deep vein thrombosis (DVT) of the left leg; venous insufficiency; patent foramen ovalae (PFO); atrial septal defect (ASD); enlarged heart; congenital heart disease; degenerative disc disease of the lumbar spine at L4-L5; bilateral knee degenerative joint disease; obesity; major depressive disorder; anxiety disorder; and post-traumatic stress disorder (PTSD).

(Doc. 6-2 at 13). The ALJ also identified Ms. D.'s non-severe impairments as degenerative joint disease of the left wrist, iron deficiency, gastroesophageal reflux (GERD) and problems with her cervical spine. (Doc. 6-2 at 13-14).

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in 20 C.F.R. Part 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d); 404.1525; 404.1526). If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ

determined that none of Ms. D.'s impairments, considered individually or in combination, met or equaled a Listing. (Doc. 6-2 at 14). Specifically, the ALJ considered Listings 1.15 (disorders of the skeletal spine), 1.18 (abnormality of a major joint in any extremity), 4.06 (symptomatic congenital heart disease), 4.11 (chronic venous insufficiency), 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive compulsive disorders), and 12.15 (trauma and stressor-related disorders) and considered Ms. D.'s obesity pursuant to the guidelines set forth in SSR 19-2p. (Doc. 6-2 at 14-15).

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the medical evidence. The ALJ determined that Ms. D. has the [RFC] to perform:

> sedentary work as defined in 20 CFR 404.1567(a) except that she should avoid unprotected heights and moving machinery. She should avoid climbing ladders and scaffolds, but can occasionally climb ramps and stairs. She can tolerate no more than occasional exposure to temperature extremes, wetness, humidity, vibration, and environmental irritants. She should avoid occupations requiring use of sharp instruments in the regular and routine performance of the job. She can understand, retain, and carry out simple instructions with occasional workplace changes. She can

> engage in occasional decision-making with respect to work-related activities. She can frequently use her bilateral upper extremities for reaching. She can occasionally use her bilateral lower extremities for operation of foot controls and pedals.

(Doc. 6-2 at 16).

Having assessed a claimant's RFC, at step four the ALJ must determine whether the claimant has the RFC to perform the requirements of their past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). Past relevant work is defined as work the claimant has done within the past 5 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. § 404.1560(b). If the claimant cannot perform past relevant work or has no past relevant work, then the analysis proceeds to the fifth step.

The ALJ determined Ms. D. is capable of performing past relevant work as a greeter (temperature taker). (Doc. 6-2 at 22). The ALJ determined that such work does not require the performance of work-

related activities precluded by Ms. D.'s residual functional capacity. (Doc. 6-2 at 22).

As a result of this analysis, the ALJ determined that Ms. D. was not disabled and denied her applications for benefits. (Doc. 6-2 at 23).

### 3. Standard of Review

In order to receive benefits under Title II of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). Additionally, to be eligible to receive benefits under Title II of the Social Security Act, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131.

In evaluating whether a claimant is disabled as defined in the Social Security Act, the Commissioner follows a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do past relevant work, considering his or her residual functional capacity ("RFC"); and (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering his or her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a). The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a). Once the claimant has established at step four that he or she cannot do past relevant work, the burden then shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the

claimant could perform that are consistent with his or her RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f).

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately

developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Ms. D. is disabled, but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of

review on legal matters is plenary); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) ("[T]he court has plenary review of all legal issues decided by the Commissioner.").

### 4. **DISCUSSION**

Ms. D. argues that the ALJ did not adequately evaluate her subjective complaints concerning her need for a cane when determining the RFC. (Doc. 7 at 9). She maintains that she testified regarding her need for a cane and that medical records confirm a history of swelling and pain in her legs, ankles, and knees. (Doc. 7 at 9-10).

In response, the Commissioner argues that the ALJ complied with the regulations. (Doc. 8 at 6). The Commissioner notes that the ALJ explicitly noted that Ms. D. alleges that she uses a cane in the mornings. (*Id.*). However, the Commissioner points out that Ms. D. does not reference any documentation in the record confirming that the cane was medically necessary. (*Id.* at 7). Accordingly, the Commissioner argues that substantial evidence supports the ALJ's decision. (*Id.* at 11-12).

The ALJ is tasked with assessing a claimant's residual functional capacity ("RFC"). SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996). "[RFC] is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999)). An RFC reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five of the ALJ's analysis. 20 C.F.R. §§ 404.1520, 404.1545; SSR 96-8P, 1996 WL 374184 at *2.

In crafting the RFC, the ALJ must consider all the evidence of record, including medical signs and laboratory findings, daily activities, medical source statements, and a claimant's medical history. SSR 96-8p, 1996 WL 374184, at *13-14; *see also Mullin v. Apfel*, 79 F. Supp. 2d 544, 548 (E.D. Pa. 2000). An ALJ's RFC findings, however, must be supported by medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). "[O]nce the ALJ has made this [RFC] determination, [a court's] review of the ALJ's assessment of the plaintiff's RFC is deferential, and that RFC assessment will not be set aside if it is

supported by substantial evidence." *Black v. Berryhill*, No. 16-1768, 2018 WL 4189661 at *3 (M.D. Pa. Apr. 13, 2018).

The Third Circuit instructs that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected. *Cotter v. Harris*, 642 F.2d 700, 704, 706–07 (3d Cir. 1981). Because "the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Id.* The ALJ need not, however, undertake an exhaustive discussion of all the evidence. *See, e.g.*, *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). "There is no requirement that the ALJ discuss in her opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

Here, Ms. D. challenges the ALJ's omission of a limitation requiring the use of a hand-held assistive device in the RFC. (Doc. 7 at 8). Accordingly, we consider the requirements pertaining to an ALJ's consideration of the need for such devices.

Case law and Social Security regulations recognize that a "claimant's need to use an assistive device to ambulate can dramatically and adversely affect the ability to perform work on a sustained basis," and in some circumstances can be outcome determinative. *Mundo v. Kijakazi*, No. 1:21-CV-517, 2023 WL 2632810, at *4 (M.D. Pa. Mar. 24, 2023) (quoting *Figueroa v. Kijakazi*, No. 1:22-CV-194, 2023 WL 2432909, at *10 (M.D. Pa. Mar. 9, 2023)). For this reason, the Commissioner published a Social Security Ruling that addresses this issue in the context of sedentary work. *Id*. (citing SSR 96-9p, 1996 WL 374185).

Pursuant to SSR 96-9p:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be eroded.

1996 WL 374185, at *7.

An ALJ need not account for use of a hand-held assistive device in an RFC assessment unless that device is medically required. *Howze v. Barnhart*, 53 F. App'x 218, 222 (3d Cir. 2002); *Mundo v. Kijakazi*, No. 1:21-CV-517, 2023 WL 2632810, at *5. Testimony of a claimant is insufficient to demonstrate that a hand-held assistive device is medically required. *Williams v. Colvin,* No. 3:13-CV-2158, 2014 WL 4918469, at *10-11 (M.D. Pa. Sept. 30, 2014). Further, "even where the medical evidence mention[s] the claimant's use of a cane and a physician [] indicate[s] that the claimant need[s] to use a cane, such isolated notations are 'insufficient to support a finding that the [claimant's] cane [is] medically necessary.'" *Rivera v. Astrue,* No. 08-1971, 2009 WL 235353, *5 (E.D. Pa. Jan. 29, 2009) (*citing Howze,* 53 F. App'x at 222). Accordingly, courts have found that ALJs do not err in omitting a cane requirement in an RFC assessment where claimants' medical records do not establish that a cane is medically required. *Schade v. Colvin*, No. CIV.A. 13-1071, 2014 WL 320133, at *9 (W.D. Pa. Jan. 29, 2014) (finding ALJ did not err in omitting a cane requirement from RFC where "aside from Plaintiff's own testimony, there is no

evidence contained in the medical record from any of his treating physicians that Plaintiff needed to use a cane, or that he could not walk without one"); *Williams*, 2014 WL 4918469, at *10-11; *Dyer v. Colvin*, No. 3:14-CV-1962, 2015 WL 3953135, at *18 (M.D. Pa. June 29, 2015) (finding that a claimant's testimony that a cane was prescribed by a Certified Physician Assistant and objective records noting that the claimant was using a cane are insufficient to show medical necessity under SSR 96-9p).

Here, the ALJ summarized Ms. D.'s testimony. (Doc. 6-2 at 17). The ALJ noted within that summary that Ms. D. testified that she "uses a cane in the mornings" and that she "also has a walker from when she was in the hospital, but she does not use it." (*Id.*). The ALJ then stated that while he found that Ms. D.'s "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 17).

Neither the ALJ nor Ms. D. references any documentation in the record that her use of a cane is medically required. In the absence of such documentation, the ALJ was not required to account for use of a hand-held assistive device in the RFC assessment. *See Howze*, 53 F. App'x at 222; *Mundo*, 2023 WL 2632810, at *5. Accordingly, we are unable to conclude that the ALJ erred. Rather, we find that the decision was supported by substantial evidence.

**5. CONCLUSION**

For the reasons set forth herein, the decision of the Commissioner will be affirmed and the Clerk of Court will be directed to close this case. An Order follows.

Dated: September 29, 2026

**/s/ Leo A. Latella**
Leo A. Latella
United States Magistrate Judge